

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 1:16cr 64 |
| v. | ) |
| | ) Count 1:  18 U.S.C. § 2339B |
| MAHMOUD AMIN MOHAMED ELHASSAN, | )            Conspiracy to Provide Material Support |
| | ) |
| Defendant. | ) Count 2:  18 U.S.C. § 2339B |
| | )            Attempt to Provide Material Support |
| | ) |
| | ) Count 3:  18 U.S.C.  § 1001 |
| | )            False Statements |

## INDICTMENT

### May 2016 Term  --  At Alexandria

THE GRAND JURY CHARGES THAT:

### COUNT 1

### CONSPIRACY TO PROVIDE MATERIAL SUPPORT

From on or about August 1, 2015, and continuing thereafter until January 15, 2016, in Prince William County and elsewhere in the Eastern District of Virginia, defendant MAHMOUD AMIN MOHAMED ELHASSAN did unlawfully and knowingly conspire with Joseph Hassan Farrokh and others known and unknown to the Grand Jury, to provide "material support or resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to wit, personnel, to a foreign terrorist organization, namely,  the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing

that ISIL was a designated foreign terrorist organization, that ISIL engages and has engaged in terrorist activity, and that ISIL engages and has engaged in terrorism. In furtherance of the conspiracy, on January 15, 2016, Elhassan drove Farrokh to Richmond, Virginia, in order to enable Farrokh to fly to Jordan via Chicago, and then join ISIS.

(All in violation of Title 18, United States Code, Section 2339B(a)(1).)

## COUNT 2

## ATTEMPT TO PROVIDE MATERIAL SUPPORT

From on or about August 1, 2015, and continuing through on or about January 15, 2016, in Prince William County in the Eastern District of Virginia and elsewhere, defendant MAHMOUD AMIN MOHAMED ELHASSAN did knowingly and unlawfully attempt to provide "material support and resources," as that term is defined in Title 18, United States Code, Section 2339A(b), to wit, personnel - - by aiding and abetting Joseph Hassan Farrokh's attempt to provide himself - - to a foreign terrorist organization, to wit, the Islamic State of Iraq and the Levant ("ISIL"), which at all relevant times was designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIL was a designated foreign terrorist organization, that ISIL engages and has engaged in terrorist activity, and that ISIL engages and has engaged in terrorism.

ELHASSAN's aiding and abetting included, but was not limited to, (a) introducing Farrokh in or about August 2015 to an individual that ELHASSAN believed could facilitate Farrokh's travel to the Islamic State, so that such individual could, in fact, facilitate Farrokh's travel to the Islamic State; (b) driving Farrokh from Farrokh's home to Richmond, Virginia, on January 15, 2016, so that Farrokh could embark on his travel to the Islamic State; and (c) making false statements to the FBI about Farrokh's travel on January 15, 2016, in order to hinder the government's investigation of Farrokh's travel.

(All in violation of Title 18, United States Code, Section 2339B and 2.)

## COUNT 3

### False Statements

On or about January 15, 2016, in Prince William County, in the Eastern District of Virginia, defendant MAHMOUD AMIN MOHAMED ELHASSAN did knowingly, unlawfully, and willfully make material false, fictitious, and fraudulent statements and representations in a matter involving international terrorism within the jurisdiction of the executive branch of the Government of the United States. In specific, ELHASSAN falsely stated to special agents of the Federal Bureau of Investigation that (a) Joseph Hasan Farrokh had flown out of Dulles Airport earlier that day on a flight to California to attend a funeral; (b) Farrokh had said that he would be back in about two weeks; (c) neither he nor Farrokh supported the Islamic State; and (d) neither he nor Farrokh ever tried to find someone to help them get to the Islamic State.

(In violation of Title 18, United States Code, Section 1001.)

A TRUE BILL:

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.

_____
FOREPERSON OF THE GRAND JURY

Dana Boente
United States Attorney

By: _____
Dennis Fitzpatrick
Gordon D. Kromberg
Assistant United States Attorneys

4