# SENTENCING

Date: **2/24/2017**

Judge: **Trenga**
Reporter: **R. Montgomery**
Start: **9:50**
End: **11:15**

**UNITED STATES of AMERICA** Case Number: **1:16-CR-00064-001**

V.

**MAHMOUD AMIN MOHAMED ELHASSAN**

Counsel/Deft: **Stuart Sears/Thomas Durkin** Counsel/Govt: **Dennis Fitzpatrick**
Interpreter:_______________
Court adopts PSI (**X**) without exceptions ( ) with exceptions: **The def. has no objections to the PSI and has decided not t move for the minor role. The govt. has no objection to the PSI and finds the guidelines appropriate. The govt. states that the $22,000 Medicare fraud is properly included in the PSI as it goes to the history and characteristic of the defendant. The govt. reviews this as an aggravated case. The govt. requests that the Court impose a substantial sentence and to impose a lifetime term of supervision. The def. requests 47 – 71 months which would be the guideline without the terrorist enhancement and for the fact that the defendant will be certain to be deported at the end of his sentence. The def. objects to paragraph 45 on page 11 of the PSI which def. states is irrelevant. The Court finds it is properly included in the PSI and overrules the def. objection. The def. objects to a Criminal History Category VI and requests the defendant's guideline sentence be based on a Criminal History Category I. The Court concludes that the terrorist enhancement is properly placed and overrules the def. objections that the Criminal History is overstated. For all the reasons stated in open court and the factors set forth in 18 U.S.C. §3553, the Court imposes a sentence below the guidelines. The Court recommends that the defendant be designated to a facility close the the Washington Metro area, if available and appropriate, to be close to his family. The Court enters an Order dismissing Count 1.**

**SENTENCING GUIDELINES** :
Offense Level**:** **37**
Criminal History: **VI**
Imprisonment Range**:** **360** months to **LIFE**
Supervised Probation: ___to___Years
Supervised Release: **1** Year to **LIFE**
Fine Range: $ **40,000** To $ **400,000**
Restitution $________
Special Assessment **$200** **($100 as to each Count)**

Court departs from Guidelines pursuant to:

_____USSG 5H1.4
_____USSG 5K1.1
_____USSG 5K2.12
_____USSG 5C1.2

**JUDGMENT OF THE COURT:**
BOP for **132** months, as to Count 2 and **96** months as to Count 3, to run concurrently, w/credit for time served.
Supervised Release for **10** years, as to Count 2 and **3** years as to Count 3, to run concurrently, with special conditions.
Supervised Probation for ___years, with special conditions.
Fine Imposed of $____ payable immediately.
Restitution of $______payable immediately.
Special Assessment **$200** **($100 as to each Count)**
**(X)** Fine/costs of incarceration waived.

**SPECIAL CONDITIONS**:
**X** Deft. shall cooperate with immigration authorities in his deportation and shall not return to the U.S. after being deported, unless he has received permission in advance from the Dept. of Homeland Security and the U.S. Attorney General.
**X** If allowed to remain in the U.S., the deft. shall provide the probation officer access to any requested financial information.
**X** Deft. shall participate in mental health treatment, as directed by the probation officer, which may include "de-radicalization therapy" if available, and sign a waiver of confidentiality form to allow the probation officer and treatment provide to communicate.
**X** Deft. shall comply with the requirements of the computer monitoring program as administered by the probation officer.

**RECOMMENDATIONS to BOP**:

**X** Dft. to be designated to a facility close to the Washington Metropolitan area to be close to family.

____ Dft. designated to facility to participate in ICC (Boot Camp) type program

____ Dft. to participate in the BOP 500 Hour Residential Drug Abuse Treatment Program (RDAP).

Defendant: (**X**) Remanded ( ) Cont'd on Bond ( **)** Referred to USPO ( ) Self-surrender